## Glendale Area Medical Center v. Cambria County Board of Assessment Appeal

*Thomas Kalinyak,* for plaintiff.
*George Raptosh,* for defendant.

SWOPE, *J.,* December 13, 1988—This matter is before the court on plaintiff's appeal from a decision of the Cambria County Board of Assessment Appeal which denied plaintiff tax-exempt status as a public charity under Pennsylvania law. Act of May 21, 1943, P.L. 57, Article II, as amended 72 P.S. §5453.202, see also Pa. Constitution, Article VIII,

section 2. For the reasons which follow the court affirms the action of the Board of Assessment Appeal and denies plaintiff's appeal.

The property in question is located at Route 865, Reade Township, Cambria County (Parcel Map no. 49-07-129) and was purchased by plaintiff on October 31, 1985.

After the property had been assessed and the county, school and road taxes imposed, plaintiff filed a statement of intention to appeal before the Board of Assessment Appeal on July 17, 1987. A hearing was held before the board on October 5, 1987. The board denied plaintiff's appeal on October 15, 1987. Plaintiff thereupon filed a timely appeal on November 5, 1987 (72 P.S. §5453.704), and a hearing was held before this court on September 16, 1988.

The following facts were brought out during the September 16 hearing. The Glendale Area Medical Center is part of a non-profit Pennsylvania corporation which has been certified by the Pennsylvania Department of Health as a primary health center. The center employs approximately 15 people, including a full-time family practitioner, a dentist and an obstetrician/gynecologist. The center contains, inter alia, three examination rooms and two dental rooms and sees and treats on the average approximately 300 to 400 people a month.

The typical office visit is $18, and while no one is turned away from the facility if they do not have the ability to pay, a minimum fee of $2 to $4 is required for these office visits. Before a patient is eligible for this minimum fee, they must supply the center with proof of income and the number of people in their family. The minimum fee is then determined by examining the information the person presents and comparing it to a chart provided by the federal gov-

ernment. Of the patients the center sees and treats, approximately 20 percent are covered by some form of medical assistance, another 25 percent have Medicare coverage, 15 percent are covered by various forms of private insurance and the remainder are self-paying. Approximately two to five percent of the people the center sees pay the minimum office visit fee.

Any profit the center makes must be returned to the federal government. The center then cannot get these excess funds until they are requested from the government. For the fiscal year ending August 31, 1987, the center showed a deficit of $30,000. One-third of the budget for the center is from funds provided by the federal government. In addition, the federal government partially pays the salaries of the center's professional staff and also owns the center's equipment and would retain control of the real estate if the center was ever in default. In fact the primary reason why the center is located in Reade Township is that agencies of the federal government have determined that it is a medically underserved area worthy of receiving federal grants.

The Pennsylvania Constitution authorizes the state legislature to exempt by law from taxation "institutions of purely public charity." Pa. Constitution, Article VIII, section 2(a); *In re Appeal of Lutheran Social Services,* 114 Pa. Commw. 628, 539 A.2d 895 (1988). Under Pennsylvania law, an institution meets the constitutional requirement of being an institution of purely public charity if it possesses the following characteristics:

"(a) advances a charitable purpose;

"(b) donates or renders gratuitously a substantial portion of its services;

"(c) benefits a substantial and indefinite class of persons who are legitimate subjects of charity;

"(d) relieves the government of some of its burden; and

"(e) operates entirely free from private profit motive." *Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 21-2, 487 A.2d 1306, 1317 (1985). It is plaintiff's contention that the center meets all of the above criteria. The court disagrees.

There is no disputing the fact that the center performs a useful and vital service, namely, providing medical and dental care to people in an area in which there is a lack of comparable facilities. The record also indicates that the Reade Center complex has not operated at a consistent profit in Cambria County. The court finds, however, that the center does not relieve the federal government of its burden in the health care area and it is primarily for this reason that plaintiff's appeal must be denied.

The record shows that the federal government retains much control and authority over how the center is operated. Approximately 33 percent of the center's annual operating budget is received through federal funds. The government owns all of its equipment and is presumably responsible for its maintenance and upkeep. The federal government has the ultimate authority to decide if any of the center's excess funds are to be released back to the center. This would indicate that the center could not even expand or obtain additional equipment or personnel without first receiving the government's approval. The federal government helps pay a portion of the salary of the center's professional staff. In viewing in its entirety, the scope of federal activity involved in the center, the court finds that far from being relieved of its burden, the government plays a major, extensive role in keeping this facility in existence.

Our appellate courts have held that institutions housing the elderly or handicapped do not have tax-

exempt status when the entire funding for such institutions, aside from rents actually paid, is subsidized by the federal government. *G.D.L. Plaza Corp. v. Council Rock School District,* 515 Pa. 54, 526 A.2d 1173 (1987); *Advanced Living Inc. v. Montgomery County Board of Assessment Appeals,* 113 Pa. Commw. 514, 537 A.2d 948 (1988). Although the question of when an institution is tax-exempt because it is a "purely public charity" is a mixed question of law and fact in which prior cases have limited precedential value (*G.D.L.* at 59, 527 A.2d at 1175), it is the court's opinion that tax exemption should not be given when the federal government assumes a major responsibility in the operation of a facility. It is this type of situation which is present in the instant case.

Having examined the record, the court finds that the Glendale Area Medical Center is not an institution of purely public charity. The finding of the Board of Assessment Appeals, therefore, must stand.

Accordingly, the following order is entered.

## ORDER

And now, December 13, 1988, plaintiff's appeal is hereby denied.